SULAIMAN LAW GROUP, LTD.
Alejandro E. Figueroa (State Bar No. 332132)
2500 South Highland Avenue, Suite 200
Lombard, IL 60148
Telephone: (630) 575-8181 x 120
Facsimile: (630) 575-8188
Email: alejandrof@sulaimanlaw.com
Attorney for Plaintiff

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIKESHA D. JONES<br><br>Plaintiff,<br><br>v.<br><br>THE PROGRESSIVE CORPORATION, and CREDIT COLLECTION SERVICES, INC.,<br><br>Defendants. | Case No. 8:21-cv-00786<br><br>**COMPLAINT FOR DAMAGES**<br><br>**1. VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. §1692 ET SEQ.**<br><br>**2. VIOLATION OF THE CALIFORNIA CONSUMER CREDIT REPORTING AGENCIES ACT, CAL. CIV. CODE § 1785.25 ET SEQ.**<br><br>**3. VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, CAL. CIV. CODE §1788 ET SEQ.**<br><br>**4. BREACH OF CONTRACT**<br><br>**DEMAND FOR JURY TRIAL** |

## COMPLAINT

NOW comes TIKESHA D. JONES ("Plaintiff"), by and through the undersigned attorney, complaining as to the conduct of THE PROGRESSIVE CORPORATION ("Progressive") and CREDIT COLLECTION SERVICES, INC ("CCS") (collectively, "Defendants"), as follows:

1

## NATURE OF THE ACTION

1. Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. §1692 *et seq.* and the California Consumer Credit Reporting Agencies Act ("CCRAA") pursuant to Cal. Civ. Code § 1785.25(a) *et seq.,* against CCS for its unlawful conduct.

2. Plaintiff further brings this action for damages pursuant to the Rosenthal Fair Debt Collection Practices Act ("RFDCPA") pursuant to Cal. Civ. Code §1788 *et seq.,* as well as for Breach of Contract, against Defendants for their unlawful conduct.

## JURISDICTION AND VENUE

3. This action arises under and is brought pursuant to the FDCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C §1692, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. §1367.

4. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendants conduct business in the Central District of California and a substantial portion the events or omissions giving rise to the claims occurred within the Central District of California.

5. Joinder of Plaintiff's claims against Defendants is proper under Fed. R. Civ. P. 20(a)(2) as the claims arise out of the same transaction, occurrence, or series of transactions or occurrences and common questions of law and fact will arise.

## PARTIES

6. Plaintiff is a consumer over-the-age of 18 residing in Orange County, California, which is located within the Central District of California.

7. As reflected in its website, CCS is proud to be recognized as one of the nation's largest and most respected collection firms.[1] CCS is a corporation organized under the laws of the state of Massachusetts with its principal place of business located at at 240 Commercial Street, Suite 3A, Boston, Massachusetts 02109.

8. Progressive is a provider of insurance products to consumers across the country, including the state of California. Progressive is a corporation with its principal place of business located at 6300 Wilson Mills Rd., Mayfield Village, Ohio 44143.

9. Defendants acted through their agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

### FACTS SUPPORTING CAUSES OF ACTION

10. Prior to the conduct giving rise to Plaintiff's claims, Plaintiff had automobile insurance with Progressive.

11. Around approximately 2019, Plaintiff switched her auto insurance provider.

---

[1] https://www.ccsusa.com/opCo_ccs.html

12. Unbeknownst to Plaintiff, upon cancelling her services with Progressive, she was alleged to owe Progressive a remaining balance of approximately $171.00 ("subject debt").

13. Sometime thereafter, Plaintiff received an alert that the subject debt was being reported on her credit report.

14. On or around May 2020, Plaintiff called Progressive to inquire about the subject debt.

15. Plaintiff and Progressive entered into an agreement whereby Plaintiff would pay off the subject debt for $120.00 in full satisfaction of the subject debt.

16. After Plaintiff and Progressive reached this agreement, Progressive referred Plaintiff to CCS to make the payment.

17. Upon information and belief, after Plaintiff's purported default on the subject debt, Progressive charged off and turned the subject debt over to CCS for collection purposes.

18. Plaintiff subsequently made the payment to CCS pursuant to the parties' agreement.

19. CCS provided Plaintiff a confirmation number regarding her payment.

20. Plaintiff was thus under the impression she had satisfied her remaining obligation in connection with the subject debt.

21. However, in approximately March 2021, Plaintiff pulled her credit report and was notified that the subject debt was marked on her credit report as "seriously delinquent"

22. Plaintiff subsequently contacted CCS to inquire about the continued reporting of the subject debt.

23. Rather than acknowledge that the subject debt should have been removed from Plaintiff's credit report, CCS instead advised that Plaintiff needed to pay the remaining balance in order to have the subject debt considered settled in full.

24. Plaintiff tried to explain that she satisfied the subject debt on May 12, 2020, pursuant to the agreement she made with Progressive.

25. CCS completely disregarded Plaintiff's explanation and demanded payment on the subject debt.

26. Despite Plaintiff's protest as it relates to making further payment on the subject debt which had already been settled in full, Plaintiff nevertheless agreed to CCS's demands and made the additional payment.

27. Plaintiff suffered emotional distress as a result of CSS's conduct in compelling her payment in connection with a debt she no longer owed.

28. Frustrated over Defendants' conduct, Plaintiff spoke with her attorneys regarding her rights, resulting in exhausting time and resources.

29. Plaintiff has been unfairly and unnecessarily harassed by Defendants' actions.

30. Plaintiff has suffered concrete harm as a result of Defendants' actions, including but not limited to, invasion of privacy, aggravation from being the subject of collection efforts on a debt he no longer owed, emotional distress, being lied to in violation of an anti-trickery statute, being denied the benefit of the bargain in connection with agreements she had reached in connection with making payment on the subject debt, and numerous violations of her state and federally protected interests to be free from deceptive and abusive debt collection conduct.

**COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**
PLAINTIFF AGAINST CCS

31. Plaintiff repeats and realleges paragraphs 1 through 30 as though fully set forth herein.

32. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3) of the FDCPA.

33. CCS is "debt collector" as defined by §1692a(6) of the FDCPA, because it regularly uses the mail and/or the telephone to collect, or attempt to collect, delinquent consumer accounts, and further because its business's principal purpose is the collection of debts.

34. The subject debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

   a. **Violations of FDCPA §1692d**

35. The FDCPA, pursuant to 15 U.S.C. §1692d, prohibits a debt collector from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt."

36. CCS violated § 1692d through the nature of its concerted collection efforts directed towards Plaintiff. Despite Plaintiff having no remaining obligation on the subject debt, CCS nevertheless attempted to and did collect additional money from Plaintiff after she had already satisfied the subject debt per her agreement with Progressive and CCS. Subjecting or causing an innocent consumer to be subjected to collection efforts on a debt she does not owe, and continuing to report the subject debt after having already accepting payment that was to satisfy the debt in full. is inherently conduct which would have the natural consequence of harassing, oppressing, and abusing a person.

### b. Violations of FDCPA § 1692e

37. The FDCPA, pursuant to 15 U.S.C. §1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

38. In addition, this section enumerates specific violations, such as:

> "The false representation of . . . the character, amount, or legal status of any debt . . ." 15 U.S.C. § 1692e(2)(A);

> "Communicating . . . to any person credit information which is known or which should be known to be false including the failure to communicate that a disputed debt is disputed." 15 U.S.C. § 1692e(8);

7

> "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. §1692e(10); and

39. CCS violated § 1692e, e(2), and e(10) when it attempted to and did collect additional money from Plaintiff despite her lack of obligation on the subject debt. It was a false representation as to the character of the subject debt to suggest that Plaintiff owed the debt, even though Plaintiff's obligation on the subject debt had already been satisfied per the agreement with Progressive and CCS. As a result of CCS's efforts, Plaintiff suffered, *inter alia,* emotional distress believing she owed a debt which she no longer owed and being compelled to pay a debt she no longer owed. One of the core purposes of the FDCPA is to prevent and restrain debt collectors from attempting to collect debts which have already been paid, underscoring CCS's violations of the FDCPA.

40. CCS further violated §§ 1692e, e(8), and e(10) when it continued reporting the subject debt as seriously delinquent despite Plaintiff making payment that was to satisfy the subject debt in full. As a result of the agreement between Plaintiff and Defendants, CCS should have known that the payment Plaintiff made was in exchange for full satisfaction of the subject debt. However, despite this information, CCS nevertheless continued reporting the subject debt as having a balance and as being seriously delinquent.

   c. **Violations of FDCPA § 1692f**

41. The FDCPA, pursuant to 15 U.S.C. §1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt." § 1692f(1) further prohibits "[a]ttempt[s] to collect any amount not authorized by the agreement creating the debt or permitted by law."

42. CCS violated § 1692f and f(1) when it unfairly attempted to and did collect an amount unauthorized by law. CCS unfairly roped Plaintiff into its collection campaign, despite Plaintiff having no remaining obligation in connection with the subject debt.

43. CCS further violated § 1692f when it unfairly continued to report the subject debt despite knowing its reporting to be inaccurate.

44. As pled above Plaintiff has been harmed and suffered damages as a result of Defendants' illegal actions.

WHEREFORE, Plaintiff, TIKESHA D. JONES, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

c. Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. §1692k(a)(1);

d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3);

e. Enjoining Defendants from further contacting Plaintiff seeking payment of the subject debt; and

f. Awarding any other relief as this Honorable Court deems just and appropriate.

**COUNT II – VIOLATIONS OF THE CALIFORNIA CONSUMER CREDIT REPORTING AGENCIES ACT**
PLAINTIFF AGAINST CCS

45. Plaintiff restates and realleges paragraphs 1 through 44 as though fully set forth herein.

46. Plaintiff is a "consumer" as defined by Cal. Civ. Code § 1785.3(b).

47. CCS is a "person" as defined by Cal. Civ. Code § 1785.3(j)

48. At all times relevant, the above mentioned credit reports were "consumer credit report[s]" as the term is defined by Cal. Civ. Code § 1785.3(c).

49. At all times relevant, the entities to whom CCS reported the subject debt are considered "consumer credit reporting agencies" as defined by Cal. Civ. Code § 1785.3(d).

50. Pursuant to the CCRAA, "[a] person shall not furnish information on a specific transaction or experience to any consumer credit reporting agency if the person knows or should know the information is incomplete or inaccurate." Cal. Civ. Code § 1785.25(a).

51. CCS violated § 1785.25(a) of the CCRAA when it reported information regarding the subject debt to the major credit reporting agencies that it knew or should have known to be inaccurate. Despite Plaintiff making payment to CCS in a manner

that was to result in the subject debt being considered settled in full, CCS nevertheless continued its reporting of the subject debt as having a balance and as being seriously delinquent.

52. CCS's violations of the CCRAA were willful, evinced through the fact that they knowingly reported inaccurate information to the credit reporting agencies and persisted in this reporting despite being a party to the transaction underscoring the inaccurate nature of the information reported.

WHEREFORE, Plaintiff, TIKESHA D. JONES, respectfully requests that this Honorable Court enter judgment in her favor as follows:

    a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;

    b. Award Plaintiff actual damages, pursuant to Cal. Civ. Code §§ 1785.25(g) and 1785.31(a);

    c. Award Plaintiff punitive damages up to $5,000.00, pursuant to Cal. Civ. Code §§ 1785.25(g) and 1785.31(a);

    d. Award Plaintiff costs and reasonable attorney fees as provided pursuant to Cal. Civ. Code §§ 1785.25(g) and 1785.31(a);

    e. An order directing CCS to immediately delete all of the inaccurate information from Plaintiff's credit reports and credit files; and,

    f. Award any other relief as the Honorable Court deems just and proper.

### COUNT III – VIOLATIONS OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT
PLAINTIFF AGAINST DEFENDANTS

53. Plaintiff restates and realleges paragraphs 1 through 52 as though fully set forth herein.

54. Plaintiff is a "person[s]" as defined by Cal. Civ. Code § 1788.2(g).

55. The subject debt is a "debt" and "consumer debt" as defined by Cal. Civ. Code § 1788.2(d) and (f).

56. Defendants are "debt collector(s)" as defined by Cal. Civ. Code § 1788.2(c).

57. At all times relevant hereto, Progressive and CCS enjoyed a principal-agent relationship, respectively, such that Progressive controlled the actions of CCS or otherwise held CCS out to Plaintiff as its agent, rendering Progressive vicariously liable for CCS's violations of the RFDCPA, as well as directly liable for its own violations of law.

### a. Violations of RFDCPA § 1788.10 – 1788.17

58. The RFDCPA, pursuant to Cal. Civ. Code § 1788.17 states that "Notwithstanding any other provision of this title, every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of Section 1692b to 1692j, inclusive of, and shall be subject to the remedies in Section 1692k of, Title 15 of the United States Code."

59. Progressive engaged in deceptive and misleading conduct when it represented that Plaintiff's payment in connection with the subject debt would result in the subject debt being considered payed in full. Despite this representation, Progressive's agent nevertheless continued reporting the subject debt and subsequently collected

additional money from Plaintiff notwithstanding the representations made by Progressive.

60. Further, as outlined above in relation to CCS's violations of the FDCPA, through their conduct in attempting to and in fact collecting upon the subject consumer debt, Defendants violated 1788.17; and 15 U.S.C. §§1692d, e, and f of the FDCPA. Defendants engaged in deceptive and noncompliant conduct in their attempts to collect a debt from Plaintiff, in violation of the RFDCPA.

61. Defendants willfully and knowingly violated the RFDCPA through their egregious collection efforts. Defendants' willful and knowing violations of the RFDCPA should trigger this Honorable Court's ability to award Plaintiff statutory damages of up to $1,000.00, as provided under Cal. Civ. Code § 1788.30(b).

WHEREFORE, Plaintiff, TIKESHA D. JONES, respectfully requests that this Honorable Court enter judgment in her favor as follows:

    a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;

    b. Award Plaintiff actual damages, pursuant to Cal. Civ. Code § 1788.30(a);

    c. Award Plaintiff statutory damages up to $1,000.00, pursuant to Cal. Civ. Code § 1788.30(b);

    d. Award Plaintiff costs and reasonable attorney fees as provided pursuant to Cal. Civ. Code § 1788.30(c);

    e. Enjoining Defendants from further contacting Plaintiff seeking payment of the subject debt; and

    f. Award any other relief as the Honorable Court deems just and proper.

## COUNT IV – BREACH OF CONTRACT
### PLAINTIFF AGAINST DEFENDANTS

62. Plaintiff restates and realleges paragraphs 1 through 61 as though fully set forth herein.

63. Progressive made an offer to Plaintiff to settle the subject debt in full for a reduced balance – an offer which Plaintiff accepted and performed on her obligations with CCS.

64. Notwithstanding Plaintiff's performance, Defendants failed to consider the subject debt settled in full, underscoring their breach of the parties' agreement.

65. As a result of Defendants' breach, Plaintiff has suffered economic damages and noneconomic damages including mental anguish and emotional distress.

WHEREFORE, Plaintiff, TIKESHA D. JONES, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned laws;

b. Awarding Plaintiff actual and punitive damages, in an amount to be determined at trial, for the underlying violations;

c. Awarding Plaintiff costs and reasonable attorney fees;

d. Awarding any other relief as the Honorable Court deems just and appropriate.


Dated: April 27, 2021                              Respectfully submitted,

/s/Alejandro E. Figueroa
Alejandro E. Figueroa, Esq.
California Bar No. 332132
*Counsel for Plaintiff*
Sulaiman Law Group, Ltd
2500 S Highland Ave, Suite 200
Lombard, IL 60148
Telephone: (630) 575-8181 Ext. 120
alejandrof@sulaimanlaw.com