1  MICHAEL J. WRIGHT  (SBN:  231789)
   mjwright@grsm.com
2  GORDON REES SCULLY MANSUKHANI, LLP
   5 Park Plaza, Suite 1100
3  Irvine, CA 92614
   Telephone:  (949) 255-6986
4  Facsimile:  (949) 474-2060

5  Attorneys for Defendant
   CREDIT CONTROL SERVICES, INC. D/B/A CREDIT COLLECTION
6  SERVICES

7

8                    UNITED STATES DISTRICT COURT

9                    CENTRAL DISTRICT OF CALIFORNIA

10

11  TIKESHA D. JONES                  )  Case No. 8:21-cv-00786-CJC-ADS
                                      )
12                      Plaintiff,    )  **STIPULATED PROTECTIVE**
                                      )  **ORDER**
13        vs.                         )
                                      )
14  THE PROGRESSIVE CORPORATION,      )
    and CREDIT COLLECTION             )
15  SERVICES, INC.                    )
                                      )
16                      Defendant.    )
                                      )
17  ─────────────────────────────────

18  I.    **PURPOSES AND LIMITATIONS**

19        A.      Discovery in this action is likely to involve production of confidential,

20  proprietary, or private information for which special protection from public

21  disclosure and from use for any purpose other than prosecuting this litigation

22  may be warranted.  Accordingly, the parties hereby stipulate to and petition the

23  Court to enter the following Stipulated Protective Order.  The parties

24  acknowledge that this Order does not confer blanket protections on all

25  disclosures or responses to discovery and that the protection it affords from

26  public disclosure and use extends only to the limited information or items that

27  are entitled to confidential treatment under the applicable legal principles.  The

28  parties further acknowledge, as set forth in Section XIII(C), below, that this

                                   -1-

Gordon Rees Scully Mansukhani, LLP
5 Park Plaza, Suite 1100
Irvine, CA 92614

1    Stipulated Protective Order does not entitle them to file confidential information

2    under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed

3    and the standards that will be applied when a party seeks permission from the

4    Court to file material under seal.

5    **II.    GOOD CAUSE STATEMENT**

6    A.    This action is likely to involve parties' private, non-public financial

7    information, personal financial information, income tax returns (including

8    attached schedules and forms), medical and legal records, including medical files

9    and reports, patient medical and/or medical insurance records and/or other

10   Protected health information as defined by 45 C.F.R. §164.501; or "individually

11   identifiable health information," as defined by 45 C.F.R. §160.103; or information that is

12   otherwise protected from disclosure by the Privacy Act, 5 U.S.C. §552a, or the Health

13   Insurance Portability and Accountability Act of 1996, Pub. L. 104191 and the

14   defendants' proprietary and/or copyrighted/copyrightable documents and

15   policies related to collection matters customer lists and  other commercial,

16   financial, technical and/or proprietary information for which special protection

17   from public disclosure and from use for any purpose other than prosecution of

18   this action is warranted.  Such confidential and proprietary materials and

19   information consist of, among other things, confidential business or financial

20   information, information regarding confidential business practices, proprietary

21   and/or copyrighted/copyrightable documents and policies related to collection

22   matters, customer lists or other confidential commercial information (including

23   information implicating privacy rights of third parties), information otherwise

24   generally unavailable to the public, or which may be privileged or otherwise

25   protected from disclosure under state or federal statutes, court rules, case

26   decisions, or common law.  Accordingly, to expedite the flow of information, to

27   facilitate the prompt resolution of disputes over confidentiality of discovery

28   materials, to adequately protect information the parties are entitled to keep

Gordon Rees Scully Mansukhani, LLP
5 Park Plaza, Suite 1100
Irvine, CA 92614

-2-
STIPULATED PROTECTIVE ORDER

1  confidential, to ensure that the parties are permitted reasonable necessary uses of

2  such material in preparation for and in the conduct of trial, to address their

3  handling at the end of the litigation, and serve the ends of justice, a protective

4  order for such information is justified in this matter.  It is the intent of the parties

5  that information will not be designated as confidential for tactical reasons and

6  that nothing be so designated without a good faith belief that it has been

7  maintained in a confidential, non-public manner, and there is good cause why it

8  should not be part of the public record of this case.

9  **III.   DEFINITIONS**

10     A.    <u>Action</u>:  This pending federal law suit.

11     B.    <u>Challenging Party</u>:  A Party or Non-Party that challenges the designation

12  of information or items under this Order.

13     C.    <u>"CONFIDENTIAL" Information or Items</u>:  Information (regardless of how

14  it is generated, stored or maintained) or tangible things that qualify for

15  protection under Federal Rule of Civil Procedure 26(c), and as specified above in

16  the Good Cause Statement.

17     D.    <u>Counsel</u>:  Outside Counsel of Record and House Counsel (as well as their

18  support staff).

19     E.    <u>Designating Party</u>:  A Party or Non-Party that designates information or

20  items that it produces in disclosures or in responses to discovery as

21  "CONFIDENTIAL."

22     F.    <u>Disclosure or Discovery Material</u>:  All items or information, regardless of

23  the medium or manner in which it is generated, stored, or maintained (including,

24  among other things, testimony, transcripts, and tangible things), that are

25  produced or generated in disclosures or responses to discovery in this matter.

26     G.    <u>Expert</u>:  A person with specialized knowledge or experience in a matter

27  pertinent to the litigation who has been retained by a Party or its counsel to serve

28  as an expert witness or as a consultant in this Action.

-3-
STIPULATED PROTECTIVE ORDER

Gordon Rees Scully Mansukhani, LLP
5 Park Plaza, Suite 1100
Irvine, CA 92614

H.    House Counsel:  Attorneys who are employees of a party to this Action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

I.    Non-Party:  Any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

J.    Outside Counsel of Record:  Attorneys who are not employees of a party to this Action but are retained to represent or advise a party to this Action and have appeared in this Action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party, and includes support staff.

K.    Party:  Any party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

L.    Producing Party:  A Party or Non-Party that produces Disclosure or Discovery Material in this Action.

M.    Professional Vendors:  Persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

N.    Protected Material:  Any Disclosure or Discovery Material that is designated as "CONFIDENTIAL."

O.    Receiving Party:  A Party that receives Disclosure or Discovery Material from a Producing Party.

IV.   **SCOPE**

A.    The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

-4-
STIPULATED PROTECTIVE ORDER

B.     Any use of Protected Material at trial shall be governed by the orders of the trial judge.  This Order does not govern the use of Protected Material at trial.

**V.     DURATION**

A.     Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.  Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this Action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

**VI.    DESIGNATING PROTECTED MATERIAL**

A.     Exercise of Restraint and Care in Designating Material for Protection

1.     Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.  The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

2.     Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber the case development process or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions.

3.     If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that

STIPULATED PROTECTIVE ORDER

Gordon Rees Scully Mansukhani, LLP
5 Park Plaza, Suite 1100
Irvine, CA 92614

Gordon Rees Scully Mansukhani, LLP
5 Park Plaza, Suite 1100
Irvine, CA 92614

1    Designating Party must promptly notify all other Parties that it is

2    withdrawing the inapplicable designation.

3    B.    Manner and Timing of Designations

4    1.    Except as otherwise provided in this Order (*see, e.g.*, Section

5    B(2)(b) below), or as otherwise stipulated or ordered, Disclosure or

6    Discovery Material that qualifies for protection under this Order must be

7    clearly so designated before the material is disclosed or produced.

8    2.    Designation in conformity with this Order requires the following:

9    a.    For information in documentary form (e.g., paper or

10   electronic documents, but excluding transcripts of depositions or

11   other pretrial or trial proceedings), that the Producing Party affix at

12   a minimum, the legend "CONFIDENTIAL" (hereinafter

13   "CONFIDENTIAL legend"), to each page that contains protected

14   material.  If only a portion or portions of the material on a page

15   qualifies for protection, the Producing Party also must clearly

16   identify the protected portion(s) (e.g., by making appropriate

17   markings in the margins).

18   b.    A Party or Non-Party that makes original documents

19   available for inspection need not designate them for protection

20   until after the inspecting Party has indicated which documents it

21   would like copied and produced.  During the inspection and before

22   the designation, all of the material made available for inspection

23   shall be deemed "CONFIDENTIAL."  After the inspecting Party has

24   identified the documents it wants copied and produced, the

25   Producing Party must determine which documents, or portions

26   thereof, qualify for protection under this Order.  Then, before

27   producing the specified documents, the Producing Party must affix

28   the "CONFIDENTIAL legend" to each page that contains Protected

-6-
STIPULATED PROTECTIVE ORDER

Gordon Rees Scully Mansukhani, LLP
5 Park Plaza, Suite 1100
Irvine, CA 92614

1  Material.  If only a portion or portions of the material on a page

2  qualifies for protection, the Producing Party also must clearly

3  identify the protected portion(s) (e.g., by making appropriate

4  markings in the margins).

5     c.     For testimony given in depositions, that the Designating

6  Party identify the Disclosure or Discovery Material on the record,

7  before the close of the deposition all protected testimony.

8     d.     For information produced in form other than document and

9  for any other tangible items, that the Producing Party affix in a

10  prominent place on the exterior of the container or containers in

11  which the information is stored the legend "CONFIDENTIAL."  If

12  only a portion or portions of the information warrants protection,

13  the Producing Party, to the extent practicable, shall identify the

14  protected portion(s).

15  C.   Inadvertent Failure to Designate

16     1.     If timely corrected, an inadvertent failure to designate qualified

17  information or items does not, standing alone, waive the Designating

18  Party's right to secure protection under this Order for such material.

19  Upon timely correction of a designation, the Receiving Party must make

20  reasonable efforts to assure that the material is treated in accordance with

21  the provisions of this Order.

22  **VII.   CHALLENGING CONFIDENTIALITY DESIGNATIONS**

23  A.   Timing of Challenges

24     1.     Any party or Non-Party may challenge a designation of

25  confidentiality at any time that is consistent with the Court's Scheduling

26  Order.

27  B.   Meet and Confer

28

-7-
STIPULATED PROTECTIVE ORDER

Gordon Rees Scully Mansukhani, LLP
5 Park Plaza, Suite 1100
Irvine, CA 92614

1.     The Challenging Party shall initiate the dispute resolution process under Local Rule 37.1 et seq.

C.     The burden of persuasion in any such challenge proceeding shall be on the Designating Party.  Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions.  Unless the Designating Party has waived or withdrawn the confidentiality designation, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

**VIII.   ACCESS TO AND USE OF PROTECTED MATERIAL**

A.     Basic Principles

1.     A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending, or attempting to settle this Action. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order.  When the Action has been terminated, a Receiving Party must comply with the provisions of Section XIV below.

2.     Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

B.     Disclosure of "CONFIDENTIAL" Information or Items

1.     Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

a.     The Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to

-8-

1    whom it is reasonably necessary to disclose the information for this
2    Action;
3    b.    The officers, directors, and employees (including House
4    Counsel) of the Receiving Party to whom disclosure is reasonably
5    necessary for this Action;
6    c.    Experts (as defined in this Order) of the Receiving Party to
7    whom disclosure is reasonably necessary for this Action and who
8    have signed the "Acknowledgment and Agreement to Be Bound"
9    (Exhibit A);
10   d.    The Court and its personnel;
11   e.    Court reporters and their staff;
12   f.    Professional jury or trial consultants, mock jurors, and
13   Professional Vendors to whom disclosure is reasonably necessary or
14   this Action and who have signed the "Acknowledgment and
15   Agreement to be Bound" attached as Exhibit A hereto;
16   g.    The author or recipient of a document containing the
17   information or a custodian or other person who otherwise
18   possessed or knew the information;
19   h.    During their depositions, witnesses, and attorneys for
20   witnesses, in the Action to whom disclosure is reasonably necessary
21   provided: (i) the deposing party requests that the witness sign the
22   "Acknowledgment and Agreement to Be Bound;" and (ii) they will
23   not be permitted to keep any confidential information unless they
24   sign the "Acknowledgment and Agreement to Be Bound," unless
25   otherwise agreed by the Designating Party or ordered by the Court.
26   Pages of transcribed deposition testimony or exhibits to depositions
27   that reveal Protected Material may be separately bound by the court

28

Gordon Rees Scully Mansukhani, LLP
5 Park Plaza, Suite 1100
Irvine, CA 92614

-9-

STIPULATED PROTECTIVE ORDER

reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order; and

    i.    Any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions.

## IX.  PROTECTED MATERIAL SUPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

A.    If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as "CONFIDENTIAL," that Party must:

    1.    Promptly notify in writing the Designating Party.  Such notification shall include a copy of the subpoena or court order;

    2.    Promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order.  Such notification shall include a copy of this Stipulated Protective Order; and

    3.    Cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

B.    If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" before a determination by the Court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission.  The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

Gordon Rees Scully Mansukhani, LLP
5 Park Plaza, Suite 1100
Irvine, CA 92614

STIPULATED PROTECTIVE ORDER

X.    **A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION**

A.    The terms of this Order are applicable to information produced by a Non-Party in this Action and designated as "CONFIDENTIAL."  Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order.  Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

B.    In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

  1.    Promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

  2.    Promptly provide the Non-Party with a copy of the Stipulated Protective Order in this Action, the relevant discovery request(s), and a reasonably specific description of the information requested; and

  3.    Make the information requested available for inspection by the Non-Party, if requested.

C.    If the Non-Party fails to  seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request.  If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court.  Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

Gordon Rees Scully Mansukhani, LLP
5 Park Plaza, Suite 1100
Irvine, CA 92614

Gordon Rees Scully Mansukhani, LLP
5 Park Plaza, Suite 1100
Irvine, CA 92614

**XI.   UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

A.     If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (1) notify in writing the Designating Party of the unauthorized disclosures, (2) use its best efforts to retrieve all unauthorized copies of the Protected Material, (3) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (4) request such person or persons to execute the "Acknowledgment and Agreement to be Bound" that is attached hereto as Exhibit A.

**XII.   INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL**

A.     When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B).  This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review.  Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement in the Stipulated Protective Order submitted to the Court.

**XIII.  MISCELLANEOUS**

A.     Right to Further Relief

1.     Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

B.     Right to Assert Other Objections

1.     By stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

C.     Filing Protected Material

1.     A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. If a Party's request to file Protected Material under seal is denied by the Court, then the Receiving Party may file the information in the public record unless otherwise instructed by the Court.

## XIV. FINAL DISPOSITION

A.     After the final disposition of this Action, as defined in Section V, within sixty (60) days of a written request by the Designating Party, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal

Gordon Rees Scully Mansukhani, LLP
5 Park Plaza, Suite 1100
Irvine, CA 92614

-13-

STIPULATED PROTECTIVE ORDER

memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section V.

B.     Any violation of this Order may be punished by any and all appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions.

**IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

DATED: September 27, 2021          SULAIMAN LAW GROUP, LTD.

                                  By:     /s/  Alejandro E. Figueroa
                                          Alejandro E. Figueroa
                                          Attorneys for Plaintiff


DATED: September 27, 2021          GORDON REES SCULLY
                                  MANSUKHANI, LLP

                                  By:     /s/ Michael J. Wright
                                          Michael J. Wright
                                          Attorneys for Defendant
                                          CREDIT CONTROL SERVICES,
                                          INC. D/B/A CREDIT COLLECTION
                                          SERVICES


### SIGNATURE CERTIFICATION

I, Michael J. Wright, hereby attest pursuant to Civil Local Rule 5-4.3.4 that all signatories listed, and on whose behalf this filing is submitted, concur in the contents of this filing and have authorized the filing.

Executed this 27th day of September, 2021, at Irvine, California.

                                  /s/  Michael J. Wright
                                  Michael J. Wright

-14-

STIPULATED PROTECTIVE ORDER

1    **FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.**

2

3

4    Dated: September 28, 2021             /s/ Autumn D. Spaeth

                                             HONORABLE AUTUMN D. SPAETH

5                                        United States Magistrate Judge

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-15-
STIPULATED PROTECTIVE ORDER

Gordon Rees Scully Mansukhani, LLP
5 Park Plaza, Suite 1100
Irvine, CA 92614

**EXHIBIT A**
**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

I, _____ [print or type full name], of _____
_____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issue by the United States District Court for the Central District of California on [DATE] in the case of _____ [insert formal name of the case and the number and initials assigned to it by the Court].  I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt.  I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.  I hereby appoint _____ [print or type full name] of _____ _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed Name: _____

Signature: _____

STIPULATED PROTECTIVE ORDER

Gordon Rees Scully Mansukhani, LLP
5 Park Plaza, Suite 1100
Irvine, CA 92614